J-S15012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA LEE PISOR | : | |
| | : | |
| Appellant | : | No. 1142 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 24, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000110-2020

BEFORE:  LAZARUS, J., MURRAY, J. and COLINS, J.

MEMORANDUM BY LAZARUS, J.:                         **FILED: JUNE 4, 2021**

Joshua Lee Pisor appeals from the judgment of sentence, imposed in the Court of Common Pleas of Butler County, after he entered a negotiated guilty plea  to possession with intent to deliver and conspiracy to commit possession with intent to deliver.[1]  Counsel has filed an **Anders**[2] brief and a petition to withdraw from her representation of Pisor.  Upon review, we deny the petition to withdraw and direct counsel to prepare an advocate's brief in accordance with the dictates of this memorandum.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903(a)(1).

[2] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

On August 27, 2020, Pisor entered a negotiated guilty plea to the above charges.[3]   On September 24, 2020, the trial court sentenced him, in accordance with his plea agreement, to an aggregate sentence of 11½ to 23 months' imprisonment.  The court further ordered that the sentence was to run concurrent to his probation violation sentence at docket number CP-10-CR-0000664-2017 ("664-2017").   Pisor filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Pisor raises the following claims for our review:

1. Whether the trial court erred when it accepted [] Pisor's guilty plea[,] as it was not knowingly, intelligently, and voluntarily entered.

2. Whether the trial court abused its discretion in sentencing [] Pisor to eleven and a half to twenty-three months without credit for time served.

Brief of Appellant, at 4.

_____

[3] At the guilty plea hearing, counsel for the Commonwealth recited, and Pisor acknowledged as true, the underlying factual basis for the plea as follows:

[O]n or about January [2, 2020] in Washington Township, Butler County, Pennsylvania, [Pisor,] not being registered under the Controlled Substance, Drug, Device, and Cosmetic Act [("the Act"), 35 P.S. §§ 780-101-144], nor a practitioner registered[ or] licensed by the appropriate state board[,] did knowingly manufacture or possess with intent to deliver crack cocaine[,] a schedule two controlled substance[,] in violation of [s]ection [113(a)(30)] of the Act, [an] ungraded felony.  At the same time and place[,] he conspired and agreed with Abbi Cochran to commit the crime of possession with intent to deliver [a] controlled substance[,] also [an] ungraded felony.

N.T. Guilty Plea Hearing, 8/27/20, at 5.

Prior to reviewing Pisor's claims, we must determine if counsel has complied with the procedural requirements for withdrawal. In order to withdraw pursuant to *Anders*, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state her reasons for concluding her client's appeal is frivolous.

Instantly, counsel's petition states that she has made a conscientious examination of the record and determined the appeal is wholly frivolous. *See* Motion to Withdraw, at ¶ 7. Counsel indicates that she supplied Pisor with a copy of the *Anders* brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[4] *See id.* at ¶¶ 9-10. In the *Anders* brief, counsel sets out two issues of arguable merit and, pursuant to the dictates of *Santiago*,

_____

[4] Pisor has not filed a response to counsel's petition to withdraw or *Anders* brief.

explains why she believes the appeal to be wholly frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

We now turn to our independent review of the record to determine whether Pisor's appeal is wholly frivolous. In his first issue, Pisor asserts that the trial court erred in accepting his plea because it was not entered knowingly, voluntarily and intelligently. This claim is meritless.

To be valid, a guilty plea must be knowing, intelligent, and voluntary. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). The court therefore must conduct an on-the-record inquiry to determine whether the plea is voluntarily and understandingly tendered. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002), citing Pa.R.Crim.P. 590(a). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; (6) that the court is not bound by the terms of the agreement unless it accepts it; and (7) that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally. Pa.R.Crim.P. 590, Comment; *see Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016). Our law presumes that a defendant who enters a guilty plea was aware of what he was doing and he bears the burden of proving otherwise. *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999).

During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007).

Here, Pisor appeared virtually at his guilty plea hearing, at which time he pled guilty at the instant docket and his parole was revoked at docket number 664-2017. The parties reached a global agreement as to both cases, pursuant to which Pisor would serve an aggregate sentence of 11½ to 23 months' imprisonment on the instant case, to run concurrently with the remainder of his sentence (approximately 11 months) at docket number 664-2017.

Prior to the plea hearing, Pisor completed a written plea colloquy, which advised him of, *inter alia* the nature of the charges to which he was pleading, the maximum penalty for each crime, the fact that he was waiving certain constitutional rights, including the right to a jury trial, the fact that he is presumed innocent, and the fact that the court is not bound by the terms of his plea agreement unless it chooses to accept the agreement. ***See*** Written Guilty Plea Colloquy, at 1-3; ***see also*** Pa.R.Crim.P. 590.

At Pisor's guilty plea hearing, counsel for the Commonwealth set forth the factual basis for Pisor's plea, ***see supra***, at n.1, as well as the agreed-upon sentences. ***See*** N.T. Guilty Plea Hearing, 8/17/20, at 4-5. In an oral colloquy with his counsel, Pisor affirmed: that he had reviewed the plea documents and discussed them with counsel; that he understood the constitutional rights he was waiving by pleading guilty; that no one had

threatened him or promised him anything in order to coerce his guilty plea; and that he was pleading guilty because he was, in fact, guilty. **See id.** at 6-8.

In light of the foregoing, we agree with counsel that Pisor's contention he entered an unknowing, unintelligent, and involuntary guilty plea must be deemed wholly frivolous.

In his second claim, Pisor alleges that the trial court abused its discretion in sentencing him to an aggregate term of 11½ to 23 months' incarceration without credit for time served. Upon review, we conclude that this claim is not wholly frivolous.

We begin by noting that, although both counsel and the trial court characterize this claim as a challenge to the discretionary aspects of sentence that has been waived for failure to file a post-sentence motion, "[a] claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). A claim challenging the legality of a sentence is never waived and may be the subject of inquiry by an appellate court *sua sponte*. **Commonwealth v. Kitchen**, 814 A.2d 209, 214 (Pa. Super. 2002). Accordingly, we may review Pisor's claim.[5]

_____

[5] Issues relating to the legality of a sentence are questions of law. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is *de novo* and the scope of review is plenary. **Id.**

The Pennsylvania Sentencing Code addresses the award of credit for time served, in relevant part, as follows:

§ 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. §§ 9760(1), (4). This statute does not specifically contemplate credit for time served following a parole violation and revocation. Our Supreme Court has held, however, that section 9760 mandates an offender receive credit for *all* incarceration served before sentencing for which he is being detained in custody. *See **Gaito v. Pa. Bd. of Probation and Parole***, 412 A.2d 568 (Pa. 1980).

In ***Commonwealth v. Mann***, 957 A.2d 746 (Pa. Super. 2008), this Court, reading several key cases together, determined that, "while no single case offers a specific, unified, time-served credit application schema," they

collectively provided a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body. The Court held:

[A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if the inmate remains in custody solely on a Board detainer. *If the inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court*. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served" in the sentencing order for the new offense, so that the Board will be able to apply the credit.

*Id.* at 751 (citations omitted) (emphasis added).

Here, the trial court states in its opinion that Pisor "was released on bond in the new case," i.e., the instant matter, and, thus, his time credit was properly applied to his back time on the parole violation. Trial Court Opinion, 1/4/21, at 4, citing *Mann*, *supra*. However, it appears from our review of the certified record that Pisor never posted bond and was, in fact, committed to the Butler County Prison on January 15, 2020. *See* Commitment, 1/15/20 (directing Pisor be delivered to custody of the Keeper of the Butler County Prison because he was "unable to post bail"). If Pisor was, in fact, "incarcerated prior to disposition and had both a detainer and [] failed . . . to satisfy bail," *Mann*, 957 A.2d at 751, the trial court was required to apply credit for time served to his new sentence. *See id. See also Commonwealth v. Gibbs*, 181 A.3d 1165, 1168 (Pa. Super. 2018) (holding trial court required to credit time served prior to disposition of new offenses against new sentence where defendant had Board detainer and did not satisfy

bail on new offenses). Accordingly, Pisor's claim that the trial court erred in not applying credit for time served to the instant case is not wholly frivolous.

We determine that, on the record before this court, the issue set forth above is not so lacking in merit that counsel should be permitted to withdraw. "Appellant's Sixth Amendment right to zealous advocacy on a first appeal forecloses this [C]ourt from simply deciding the issue on the merits on the basis of counsel's *Anders* brief, filed together with [her] petition to withdraw." *Commonwealth v. Blauser*, 166 A.3d 428, 434 (Pa. Super. 2017). We, therefore, deny counsel's petition to withdraw and direct counsel to file an advocate's brief within 30 days from the date of this decision; the Commonwealth shall file a responsive brief within 30 days thereafter, should it decide one is warranted.

Petition to withdraw denied. Counsel ordered to submit advocate's brief consistent with the dictates of this memorandum. Panel jurisdiction retained.